IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN RICHARD HAYWOOD                                                                              PLAINTIFF

v.                                         Case No. 4:23-cv-4096

DETECTIVE JEREMY POOLE;
SGT. TONY HANNING; and
SERGEANT ELEELY                                                                                    DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff Justin Richard Haywood's failure to comply with Orders of the Court and to prosecute this matter. Plaintiff submitted this 42 U.S.C. § 1983 action *pro se* on October 10, 2023. ECF No. 1. Plaintiff submitted an Application to Proceed *in forma paupris* ("IFP") with his Complaint. ECF No. 2. That Application did not include the required Certificate of inmate account. Accordingly, the Court provisionally filed Plaintiff's Complaint and ordered Plaintiff to submit a completed IFP application containing a Certificate of inmate account by October 31, 2023. ECF No. 3.

On October 31, 2023, Plaintiff filed a second IFP Application. ECF No. 5. However, he again failed to attach a Certificate of inmate account with the Application. On November 1, 2023, the Court entered an Order to Show Cause as to why Plaintiff failed to attach the Certificate of inmate account. ECF No. 6. Plaintiff was directed to respond by November 22, 2023. This Order to Show Cause was not returned as undeliverable mail. To date, Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

It is the duty of any party not represented by counsel to promptly notify the Clerk

Case 4:23-cv-04096-SOH   Document 7   Filed 12/07/23   Page 2 of 2 PageID #: 22

> and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and comply with the Court's Orders by failing to submit a complete IFP Application. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of December 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge